IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DATA FENCE LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**AURA SUB, LLC,**<br><br>  Defendant. | Case No. 1:24-cv-12554<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Data Fence LLC ("Plaintiff"), through its attorneys, complains of AURA SUB, LLC ("Defendant"), and alleges the following:

**PARTIES**

2. Plaintiff Data Fence LLC is a corporation organized and existing under the laws of NM that maintains its principal place of business at 1209 Mountain Road, Pl NE STE N, Albuquerque, NM 87110.

3. Defendant AURA SUB, LLC is a corporation organized and existing under the laws of DE that maintains an established place of business at 250 Northern Ave., 3rd Floor, Boston, MA 02210.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 8,917,843 ; 9,491,286; and 9,819,797 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '843 PATENT

9. The '843 Patent is entitled "Methods and systems for inbound call control," and issued 0014-12-23. The application leading to the '843 Patent was filed on 0013-09-02. A true and correct copy of the '843 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '286 PATENT

10. The '286 Patent is entitled "Methods and systems for inbound call control," and issued 0016-11-08. The application leading to the '286 Patent was filed on 0014-11-24. A true and correct copy of the '286 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## THE '797 PATENT

11. The '797 Patent is entitled "Methods and systems for inbound call control," and issued 0017-11-14. The application leading to the '797 Patent was filed on 0016-10-28. A true and correct copy of the '797 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '843 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant directly infringed one or more claims of the '843 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '843 Patent also identified in the charts incorporated into this Count below (the "Exemplary '843 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '843 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '843 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit 4 includes charts comparing the Exemplary '843 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '843 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '843 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '286 PATENT

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendant directly infringed one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '286 Patent also identified in the charts incorporated into this Count below (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

20. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '286 Patent Claims, by having its employees internally test and use these Exemplary Products.

21. Exhibit 5 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '286 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

23.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '797 PATENT

24.     Plaintiff incorporates the above paragraphs herein by reference.

25.     **Direct Infringement**. Defendant directly infringed one or more claims of the '797 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '797 Patent also identified in the charts incorporated into this Count below (the "Exemplary '797 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '797 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26.     Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '797 Patent Claims, by having its employees internally test and use these Exemplary Products.

27.     Exhibit 6 includes charts comparing the Exemplary '797 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '797 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '797 Patent Claims.

28.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

29.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

30. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '843 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '843 Patent;

C. A judgment that the '286 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly one or more claims of the '286 Patent;

E. A judgment that the '797 Patent is valid and enforceable

F. A judgment that Defendant has infringed directly one or more claims of the '797 Patent;

G. An accounting of all damages not presented at trial;

H. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '843; '286; and '797 Patents.

I. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: October 4, 2024      Respectfully submitted,

           /s/ Christopher E. Hanba
           Christopher E. Hanba
           BBO # 667583
           DICKINSON WRIGHT PLLC
           607 W. 3rd Street, Suite 2500
           Austin Texas 78701
           Telephone:  512-582-6889
           CHanba@dickinson-wright.com

           Isaac Rabicoff
           RABICOFF LAW LLC
           (*Pro hac vice* application forthcoming)
           4311 N Ravenswood Ave Suite 315
           Chicago, Illinois 60613
           Telephone:  773-669-4590
           isaac@rabilaw.com

           **Counsel for Plaintiff**
           **Data Fence LLC**